IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FREDERICK WEBSTER,**
**D.O.C. # 856553,**

    **Plaintiff,**

vs.                                              Case No. 4:25-cv-297-MW-MAF

**FLORIDA SUPREME COURT,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint challenging the Florida Supreme Court's denial of his petition for a writ of mandamus. ECF No. 1. Plaintiff alleges the denial violated his constitutional rights. He has paid the filing fee. ECF No. 3. For the reasons discussed below, this case should be dismissed as malicious.

**I.    Background**

This is not Plaintiff's first attempt at litigating the matter. As noted by Plaintiff in his complaint, he previously raised the same claims in Webster v. Florida Supreme Court, et al., Case No. 4:24-cv-449-AW-MJF (N.D. Fla.) (hereinafter "*Webster I*"). ECF No. 1 at 3. Plaintiff's complaint in *Webster I* was docketed November 5, 2024. See *Webster I* at ECF No. 1. On January

15, 2025, United States Magistrate Judge Frank recommended the complaint be dismissed for lack of subject matter jurisdiction. Id. at ECF No. 9. On February 11, 2025, United States District Judge Walker adopted the recommendation and dismissed the case without prejudice for lack of subject matter jurisdiction, citing the *Rooker-Feldman* doctrine:

> Indeed, "it is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 522 U.S. 280, 284 (2005) (noting that a federal district court lacks jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). "Under the *Rooker–Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States." *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir. 1998). Although Webster casts his lawsuit as a section 1983 action, he is—in fact—seeking collateral review in federal court of a final state court decision. This he cannot do.

Id. at ECF No. 13. Judgment was entered the same day. Id. at ECF No. 14. Plaintiff filed a notice of appeal on March 4, 2025. Id. at ECF No. 18. The Eleventh Circuit dismissed the appeal on June 9, 2025 because Plaintiff failed to pay the filing fee. Id. at ECF No. 30. On July 2, 2025, Plaintiff paid the appeal filing fee. Id. at ECF No. 32. Plaintiff's appeal has not yet been reopened.

Despite Judge Walker's Order, Plaintiff has now filed a nearly identical, successive complaint on the same issues and against the same Defendants in the instant case.[1] <u>Compare</u> ECF No. 1 of this case <u>with</u> ECF No. 1 of *Webster I*. The instant complaint was filed July 1, 2025 by prison mailbox rule and docketed July 14, 2025. <u>See</u> ECF No. 1. Plaintiff again attempts to sue the Florida Supreme Court in its official capacity because he believes its denial of his petition for writ of mandamus was "illegal" and "resulted in the violation of his [First and Fourteenth Amendment] rights." <u>Id.</u> at 3. Plaintiff claims that "in this instant action Plaintiff will show that he is not attempting to seek review of the State court judgment…the Rooker-Feldman doctrine does not apply where Defendants [have] committed illegal acts and omissions." <u>Id.</u> Plaintiff then proceeds to regurgitate the same arguments he made in *Webster I*. <u>Id.</u> at 4-6; ECF No. 1 at 4-6 of *Webster I*.

**II.   Discussion**

The Court is required to screen, "as soon as practicable after docketing," any civil complaint "in which a prisoner seeks redress from a

---

[1] In *Webster I*, Plaintiff listed seven Defendants—the Florida Supreme Court and six of its justices—in their official capacity. In the instant case, Plaintiff lists two Defendants in their official capacity—the Florida Supreme Court and Chief Justice Muniz. Given the official capacity designation, the judge-defendants are redundant and both cases are only against the Florida Supreme Court.

4:25-cv-297-MW-MAF

governmental entity or officer or employee of a governmental entity." 28 U.S.C § 1915A(a). Relevant here, the Court must dismiss the complaint if it is malicious. 28 U.S.C § 1915A(b)(1). The Eleventh Circuit has made clear that "a plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious" under both §§ 1915A(b)(1) & 1915(e)(2)(B). Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021); see also Moore v. Brown, No. 3:22-cv-2311/MCR/ZCB, 2022 WL 18108679, at *1 (N.D. Fla. Nov. 7, 2022) (same) (collecting cases).

Further, collateral estoppel bars Plaintiff from getting a second bite of the apple on the same issue. *Webster I* was dismissed for lack of subject matter jurisdiction. Though such a non-merits determination does not allow for a res judicata dismissal "on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." N. Georgia Elec. Membership Corp. v. City of Calhoun, Ga., 989 F.2d 429, 433 (11th Cir. 1993). In other words, relitigating "the precise issue of jurisdiction…that led to the initial dismissal" is barred. Id.

The *Webster I* dismissal for lack of subject matter jurisdiction pursuant to *Rooker-Feldman* precludes Plaintiff from seeking review again on the same issue here. As discussed, Plaintiff's claims in both cases are identical.

The only difference is that now, he has added argument as to why he believes *Rooker-Feldman* does not apply and this Court has jurisdiction. But Plaintiff was already given the opportunity to fully and fairly litigate the jurisdictional issue—and in fact did—in *Webster I*. The question of jurisdiction was a critical and necessary part of that judgment. See Irvin v. United States, 335 F. App'x 821, 824 (11th Cir. 2009) (citing the "four prerequisites" of issue preclusion as stated in Christo v. Padgett, 223 F.3d 1324, 1339 (11th Cir. 2000) and holding "jurisdictional determinations are entitled to preclusive effect under the collateral estoppel doctrine"); see also Burns v. Lozada, 2022 WL 41762, at *2 (11th Cir. Jan. 5, 2022) ("Our precedent establishes that issue preclusion applies to jurisdictional determinations").

Plaintiff's remedy for displeasure with a court opinion is to appeal to the appropriate appellate authority, not file a duplicative complaint. Plaintiff signed the Rule 11 Certification, indicating the complaint in this case was "not being presented for an improper purpose" and was "supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law." ECF No. 1 at 9-10. Filing an identical complaint in the same court a few months after the first complaint was dismissed for lack of jurisdiction is the epitome of frivolous, malicious, and an improper purpose. The rules apply equally to Plaintiff as they do other litigants. See In re Bailey,

521 F. App'x 920, 922 (11th Cir. 2013) ("pro se litigants must conform to procedural rules"); Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading…or other paper…an attorney *or unrepresented party* certifies that…") (emphasis added); Patterson v. Aiken, 841 F.2d 386, 388 (11th Cir. 1988) (affirming Rule 11 sanctions against a pro se litigant). Plaintiff is warned that should he continue to file complaints involving the same issue in this Court, Rule 11 sanctions will be imposed against him.

### III.   Recommendation

For the reasons discussed, it is respectfully **RECOMMENDED** that this action be **DISMISSED without prejudice**[2] as malicious under 28 U.S.C § 1915A(b)(1) and because Plaintiff's jurisdictional claim is barred by collateral estoppel. Any amendment before this Court would be futile.

**IN CHAMBERS** at Tallahassee, Florida on July 17, 2025.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] A dismissal for lack of subject-matter jurisdiction must be without prejudice. Stuart v. Ryan, 818 F. App'x 858 (11th Cir. 2020). This does not mean Plaintiff is permitted to re-file the same complaint in a federal district court—he is not. Plaintiff is free to litigate the issues he is raising in the appropriate forum. As was previously explained to him, "the authority to review final decisions from the [Florida Supreme Court] is reserved to the Supreme Court of the United States." See *supra* at 2.

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**